IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| NECO, Inc. d/b/a Play It Again Sports, | ) |
| Plaintiff, | ) |
| v. | ) Case No. |
| Owners Insurance Company, | ) |
| Defendant. | ) |

**DEFENDANT OWNERS INSURANCE COMPANY'S NOTICE OF REMOVAL**

Defendant Owners Insurance Company ("Owners"), through undersigned counsel, hereby removes the above-captioned action from the Circuit Court of Boone County, Missouri, to the United States District Court for the Western District of Missouri pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Removal is proper because this Court has diversity jurisdiction under 28 U.S.C. § 1332. In further support of this Notice of Removal, Owners states as follows:

1. On or about September 18, 2020, Plaintiff commenced this action by filing a Petition in the Circuit Court of Boone County, Missouri, bearing Case Number 20BA-CV03022.

2. As more fully set out below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Owners has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. This case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because (1) there is complete diversity among the parties and (2) the Petition asserts an amount in controversy in excess of $75,000. 28 U.S.C. §§ 1332(a). In addition, Defendants have removed this case within thirty days of service of the Petition.

1

## I. OWNERS HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

3. Owners was formally served with process on September 28, 2020.

4. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. §§ 1441 and 1446.

5. The Circuit Court of Boone County, Missouri is located within the Western District of Missouri. 28 U.S.C. § 105. Thus, venue is proper in this Court because it is the "district and division embracing the place where such [state court] action is pending." 28 U.S.C. § 1441(a).

6. This case is being removed from the Circuit Court of Boone County, Missouri, and this Notice of Removal has been filed with the record office of the clerk of the court in the Circuit Court of Boone County, Missouri.

7. No previous application has been made for the relief requested by this Notice.

8. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Owners, including the Petition and Summons, are attached as Exhibit A. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Court for the Circuit Court of Boone County, Missouri.

9. As set forth below, Owners is not a citizen of Missouri. As a result, 28 U.S.C. § 1441(b) does not preclude removal.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS DIVERSITY JURISDICTION OVER THE ACTION.

10. This Court has diversity jurisdiction over any lawsuit so long as (1) it is between "citizens of different States" and (2) "the matter in controversy exceeds the sum or value of $75,000." *See* 28 U.S.C. § 1332(a)(1).

11. Plaintiff alleges that it is a Missouri corporation with its principal place of business in Columbia, Missouri. (Petition ¶ 8). Plaintiff is therefore a citizen of Missouri for purposes of federal jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

12. Owners is not a citizen of Missouri. Instead, Owners is organized under the laws of Ohio and Plaintiff correctly alleges that Owners maintains its principal place of business in Michigan. (Petition ¶ 9). Owners therefore is a citizen of Ohio and Michigan for purposes of federal jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

13. Because Owners' citizenship differs from that of Plaintiff, Owners has carried its burden to demonstrate complete diversity as required in 28 U.S.C. § 1332(a)(1).

14. While Owners disputes that Plaintiff has stated any viable claims or that any damages whatsoever are owed to Plaintiff, it is demonstrably evident that Plaintiff's proposed claims in this action place more than $75,000 in controversy.

15. Plaintiff asserts claims for breach of contract (Count One), declaratory judgment (Count Two), and bad faith (Count Three). For relief, Plaintiff seeks compensatory damages in excess of $25,000 (Petition ¶ 46) and declaratory relief.

16. Plaintiff seeks business income coverage and extra expense coverage under its commercial property insurance policy. (Petition ¶ 43). Upon information and belief, Plaintiff seeks coverage for a time period during which Plaintiff typically generates a large portion of its annual income that easily exceeds $75,000.

17. In addition, Plaintiff seeks an award of punitive damages and attorneys' fees. It is well-established that punitive damages and attorneys' fees may be included in determining the amount in controversy if they are recoverable under applicable law. *See Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.*, 320 U.S. 238, 240 (1943); *Larkin v. Brown*, 41 F.3d 387, 388 (8th Cir. 1994); *Capitol Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992); *Williamson v. Wyndham Vacation Ownership, Inc.*, No. 6:19-03089-CV-RK, 2019 WL 1988664, *3 (W.D. Mo. May 6, 2019) (denying remand because claim for compensatory damages, attorney's fees, and punitive damages satisfied amount in controversy requirement); *Smith v. AT&T*, No. 4:19-cv-881-RK, 2020 WL 2061206, *3 (W.D. Mo. April 29, 2020) (same); *Muhammad v. Pub. Storage*, No. 14-0246-CV-W-ODS, 2014 WL 2615736, *1 (W.D. Mo. June 12, 2014) (same).

18. It is clear that the amount in controversy in this case exceeds $75,000, and removal of this action pursuant to 28 U.S.C. § 1441 is proper.

WHEREFORE, Defendant Owners Insurance Company respectfully removes this action from the Circuit Court for Boone County, Missouri, bearing Case Number 20BA-CV03022, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Respectfully Submitted,

   */s/ George F. Verschelden*
George F. Verschelden  MO Bar # 55128
STINSON LLP
1201 Walnut, Suite 2900
Kansas City, Missouri 64106
Telephone:    (816) 842-8600
Facsimile:    (816) 691-3495
george.verschelden@stinson.com

Todd A. Noteboom (*pro hac* to be submitted)
Emily M. Asp (*pro hac* to be submitted)
STINSON LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone:  (612) 335-1500
Facsimile:  (612) 335-1657
todd.noteboom@stinson.com
emily.asp@stinson.com

ATTORNEYS FOR DEFENDANT OWNERS INSURANCE COMPANY

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on October 28, 2020, the foregoing was filed with the Clerk of the Court by using the CM/ECF system, which sent notification of such filing to all counsel of record.  A copy was also served via email to:

| | |
|---|---|
| James M. Powell | Daniel I. Schlessinger |
| Jones, Schneider and Stevens | JASZCZUK P.C. |
| 11 N. Seventh Street | 311 South Wacker Drive |
| Columbia, MO 65201 | Chicago, Illinois 60606 |
| (573) 449-2451 | Tel: (312) 442-0509 |
| Fax: (573) 443-8620 | dschlessinger@jaszczuk.com |
| jpowell@11-7law.com | |

Attorneys for Plaintiff

                                                    */s/ George F. Verschelden*
                                                  Attorney for Defendant Owners Insurance Company