# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| NECO, Inc. d/b/a Play It Again Sports, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:20-cv-04211-SRB |
| Owners Insurance Company, | ) ORAL ARGUMENT REQUESTED |
| Defendant. | ) |

**DEFENDANT OWNERS INSURANCE COMPANY'S**
**MOTION TO DISMISS AMENDED COMPLAINT**

Defendant Owners Insurance Company respectfully moves this Court to dismiss Plaintiff's Amended Complaint with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

In ruling that Plaintiff's Petition failed to state a claim upon which relief can be granted, the Court determined that the Executive Orders, standing alone, did not cause "direct physical loss of or damage to" property as required for Plaintiff's coverage claims. In the Amended Complaint, Plaintiff continues to allege that it suffered economic losses when its store was temporarily closed pursuant to the Executive Orders. Plaintiff also alleges for the first time that it was "likely" that an individual with COVID-19 visited its store before the store was temporarily closed under the Executive Orders. This new speculation does not save the Amended Complaint from dismissal.

First, Plaintiff's new speculation that someone with COVID-19 visited its store is irrelevant and should be disregarded because Plaintiff does not allege it suffered any economic losses as a result of such a potential visit. In its claim letter to Owners, Plaintiff said that it suffered economic losses due to the Executive Orders and reduced consumer demand. In its Petition, Plaintiff said that it suffered economic losses due to the Executive Orders and expressly disclaimed any COVID-

1

19 virus outbreak at its store. In the Amended Complaint, Plaintiff continues to allege that it suffered economic losses due to the Executive Orders. While Plaintiff does allege that it was "likely" someone with COVID-19 visited its store, Plaintiff does not allege that such a possibility caused it to temporarily close its store. Plaintiff's speculation that someone with COVID-19 visited its store does not change the cause of Plaintiff's economic losses – the Executive Orders.

Second, the irrelevance of a potential visit from a person with the COVID-19 virus is highlighted by the fact that Plaintiff does not allege that it took any action in response to the possibility of such a visit. Plaintiff does not allege that it took any action to clean or remediate its store, incurred any expenses to do so, or otherwise had to repair, replace or rebuild any property during a period of restoration.

Third, Plaintiff has not pled alternative theories of recovery. Instead, Plaintiff alleges that it closed its store (1) because of the Executive Orders or (2) because of the Executive Orders and the likely visit from an individual with COVID-19 in its store. These are not alternative theories of recovery but is simply the addition of another factual allegation that played no role in Plaintiff's economic losses. And the Policy expresses excludes coverage for a loss that was caused by covered and excluded causes of loss.

Based on the reasons set forth in this Motion and in the accompanying Suggestions in Support, this Court should enter its Order granting Owners Motion to Dismiss Plaintiff's Amended Complaint with prejudice and enter judgment in favor of Owners, along with such other and further relief as this Court deems just and proper.

Respectfully Submitted,

*/s/ George F. Verschelden*
George F. Verschelden  MO Bar # 55128
STINSON LLP
1201 Walnut, Suite 2900
Kansas City, Missouri 64106
Telephone:    (816) 842-8600
Facsimile:    (816) 691-3495
george.verschelden@stinson.com

Todd A. Noteboom (admitted *pro hac*)
Emily M. Asp (admitted *pro hac*)
STINSON LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone:  (612) 335-1500
Facsimile:  (612) 335-1657
todd.noteboom@stinson.com
emily.asp@stinson.com

ATTORNEYS FOR DEFENDANT OWNERS INSURANCE COMPANY

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on January 11, 2021, the foregoing was filed with the Clerk of the Court by using the CM/ECF system, which sent notification of such filing to all counsel of record.

                                    */s/ George F. Verschelden*
                                    Attorney for Defendant Owners Insurance Company